```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF TEXAS
                          HOUSTON DIVISION


BENJAMIN SODRE NETTO,          §
                               §
          Plaintiff,           §
                               §
v.                             §    CIVIL ACTION NO. H-06-0859
                               §
JPMORGAN CHASE BANK, NA,       §
                               §
          Defendant.           §
```

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant's Motion for Final Summary Judgment (Docket Entry No. 24). For the reasons stated below, defendant's motion will be granted.

## I. Background

Plaintiff, Benjamin Sodre Netto, a Brazilian citizen, maintained a checking account and two investment accounts with defendant, JPMorgan Chase Bank, NA ("Chase"), in Houston, Texas.[1] In April of 2001 plaintiff received numerous statements in the mail purporting to be for accounts opened in his name at Chase and an Argentinian bank called Banco Almafuerte (the "phantom statements"). Plaintiff had not opened these accounts and had no knowledge of their existence until that time.

---

[1] Unless otherwise noted, the facts recited herein are taken from Plaintiff's Response to Defendant's Motion for Summary Judgment, Docket Entry No. 33, pp. 2-5.

On April 9, 2001, plaintiff e-mailed Annette Robinson, his Chase Account Relationship Manager, asking her to explain the statements.  Robinson replied that none of the accounts plaintiff listed could be found in Chase's records and that copies of the statements were needed to analyze the problem further.[2]  On May 2, 2001, plaintiff met with Robinson in Houston where he provided copies of the phantom statements and told her that he believed Chase employees had fraudulently opened the accounts in his name.  Two days later he was told that Chase's fraud department would investigate the matter and that the FBI would become involved if it was determined that there was fraudulent activity.  Plaintiff alleges that Chase told him that he would be notified of the investigation's findings.  Between May and October of 2001 plaintiff continued to send faxes to Chase requesting information about the phantom statements but did not receive a reply.  In October of 2001 plaintiff hired an attorney "to get answers from Chase."  Plaintiff's attorney faxed another letter to Chase on October 10, 2001, requesting information on the phantom statements but did not receive a reply.

On February 16, 2006, plaintiff filed suit in state court alleging that Chase opened the phantom accounts in his name and used them for its own purposes, thereby breaching its customer

---

[2]Defendant's Motion for Final Summary Judgment, Docket Entry No. 24, Exhibit B, April 9, 2001, e-mail from Annette Robinson to Benjamin Sodre Netto, unnumbered p. 13.

agreement and invading plaintiff's privacy by appropriating his name.[3]  Defendant removed the action to this court based on diversity jurisdiction.[4]  After conducting a substantial amount of discovery, defendant now moves for summary judgment on both of plaintiff's claims.

## II.  Summary Judgment Standard

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the law entitles it to a judgment.  Fed. R. Civ. P. 56(c).  A "material fact" is a fact that is identified by applicable substantive law as critical to the outcome of the suit.  Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986).  Disputes about material facts are "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  Id. at 2511.  If the movant meets this burden, the nonmovant must go beyond the pleadings and proffer evidence that establishes each of the challenged elements of the case, demonstrating the existence of genuine issues of material facts that must be resolved at trial. Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986).

In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make

---

[3]Plaintiff's Original Petition, pp. 2-4, attached to Notice of Removal, Docket Entry No. 1.

[4]Notice of Removal, Docket Entry No. 1.

credibility determinations or weigh the evidence." <u>Reeves v. Sanderson Plumbing Prods.</u>, 120 S. Ct. 2097, 2110 (2000). Factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

### III.  **Analysis**

Chase argues that plaintiff's claims are barred by the applicable statutes of limitations.[5] Both parties agree that Texas law applies to plaintiff's claims.[6] In Texas a breach of contract claim is governed by a four-year limitations period, Tex. Civ. Prac. & Rem. Code § 16.051; and an invasion of privacy claim is governed by a two-year limitations period, Tex. Civ. Prac. & Rem. Code § 16.003.[7] A breach of contract claim accrues when the contract is breached. <u>Stine v. Stewart</u>, 80 S.W.3d 586, 592 (Tex. 2002).

Chase argues that because plaintiff received the phantom statements on April 9, 2001, but waited until February 16, 2006, to

---

[5] Defendant's Motion for Final Summary Judgment, Docket Entry No. 24, p. 5. Chase also argues that plaintiff has no contractual damages. Since the court concludes that plaintiff's claims are time-barred, it need not address this argument.

[6] <u>Id.</u> at 6; Plaintiff's Response to Defendant's Motion for Summary Judgment, Docket Entry No. 33, p. 6.

[7] <u>See also</u> <u>Stephens v. Dolcefino</u>, 126 S.W.3d 120, 126-28 (Tex. App. -- Houston [1st Dist.] 2005), <u>pet. denied</u>, 181 S.W.3d 741 (Tex. 2005) (applying § 16.003 to violation of privacy claim).

file suit, his claims are barred by both statutes of limitations. Plaintiff alleges that Chase's fraudulent concealment of its wrongdoing tolled the limitations period.[8]

Fraudulent concealment is an equitable doctrine that suspends the statute of limitations because the defendant concealed facts necessary for the plaintiff to know that a claim existed. But plaintiff's "[k]nowledge of facts that would make a reasonable person inquire and discover a concealed cause of action is equivalent to knowledge of the cause of action for limitations purposes." Booker v. Real Homes, 103 S.W.3d 487, 493 (Tex. App. -- San Antonio 2003, pet. denied). To toll the statute of limitations plaintiff must establish that Chase had (1) actual knowledge that a wrong occurred, (2) a duty to disclose the wrong, and (3) a fixed purpose to conceal the wrong. McMahan v. Greenwood, 108 S.W.3d 467, 493 (Tex. App. -- Houston [14th Dist.] 2003, pet. denied). Plaintiff's reasonable reliance on the deception must also be shown. Chandler v. Chandler, 991 S.W.2d 367, 394 (Tex. App. -- El Paso 1999, pet. denied).

Plaintiff argues that the elements of fraudulent concealment are met because he presented the phantom statements to Chase, and Chase assured him that it would inform him of its findings but never did so.[9] However, plaintiff has presented no competent

---

[8] Plaintiff's Response to Defendant's Motion for Summary Judgment, Docket Entry No. 33, p. 6.

[9] Id.

summary judgment evidence indicating that Chase was responsible for the phantom statements. Plaintiff has therefore failed to present any summary judgment evidence that Chase had knowledge that the alleged wrong had occurred and that Chase had a fixed purpose to conceal the wrong.[10]

Furthermore, any estoppel effect ended when plaintiff learned of facts that would have caused a reasonably prudent person to make an inquiry which, if pursued, would lead to the discovery of the concealed cause of action. Booker, 103 S.W.3d at 493. Plaintiff admits that in May of 2001 he already suspected that fraudulent activity by Chase's employees was to blame for the phantom statements.[11] Plaintiff cannot now claim that the alleged cause of action was concealed from him after admitting that he thought that something was wrong as early as May of 2001. "There cannot be fraudulent concealment of facts which admittedly were or should have been known by [the plaintiff]." Timberlake v. A.H. Robins

---

[10]To the contrary, Chase has presented evidence that its internal investigation concluded that no such accounts ever existed at Chase. Deposition of Kenneth Scales, p. 28, attached to Plaintiff's Response to Defendant's Motion for Summary Judgment, Docket Entry No. 33, Exhibit B.

[11]Plaintiff's Response to Defendant's Motion for Summary Judgment, Docket Entry No. 33, p. 4. See also Defendant's Reply to Plaintiff's Response to Motion for Final Summary Judgment, Docket Entry No. 39, Exhibit A, fax from Benjamin Sodre Netto to Annete [sic] Robinson (July 25, 2001) ("My lawyer says that it looks like someone in the bank used my name and my status of non resident to avoid income tax, or maybe money laundry, or some other reason that we can not image [sic].").

Co., 727 F.2d 1363, 1367 (5th Cir. 1984). Plaintiff has identified no facts relevant to his claim that were allegedly concealed from him. Even assuming that the statute of limitations began to run on October 10, 2001 (the last date of contact between plaintiff's attorney and Chase), plaintiff has offered no explanation why he waited over four more years to file a lawsuit.

The court concludes that plaintiff has failed to meet his summary judgment burden by establishing the existence of a genuine issue of material fact with regard to fraudulent concealment. Because plaintiff waited over four years to file his lawsuit, his claims are barred by the statutes of limitations. Tex. Civ. Prac. & Rem. Code § 16.051; Tex. Civ. Prac. & Rem. Code § 16.003.

## IV.  Conclusion and Order

For the reasons stated above, the court concludes that summary judgment is warranted on all of plaintiff's claims. Defendant's Motion for Final Summary Judgment (Docket Entry No. 24) is therefore **GRANTED**. Defendant's Opposed Motion to Strike Plaintiff's Expert (Docket Entry No. 37) is **DENIED as MOOT**.

**SIGNED** at Houston, Texas, on this the 13th day of June, 2007.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE